1   David A. Carroll (Nevada Bar No. 7643)
    dcarroll@rrsc-law.com
2   Anthony J. DiRaimondo (Nevada Bar No. 10875)
    adiraimondo@rrsc-law.com
3   Robert E. Opdyke (Nevada State Bar No. 12841)
    ropdyke@rrsc-law.com
4   **RICE REUTHER SULLIVAN & CARROLL, LLP**
    3800 Howard Hughes Parkway, Suite 1200
5   Las Vegas, Nevada 89169
    Telephone: (702) 732-9099
6
    Robert L. Wallan (*Pro Hac Vice*)
7   robert.wallan@pillsburylaw.com
    **PILLSBURY WINTHROP SHAW PITTMAN LLP**
8   725 South Figueroa Street, 36th Floor
    Los Angeles, California 90017-5524
9   Telephone: (213) 488-7163

10  Attorneys for Defendant/Counterclaimant
    Findlay Management Group
11
                **UNITED STATES DISTRICT COURT**
12                    **DISTRICT OF NEVADA**

13

14  Houston Casualty Company, a foreign          Case No. 2:24-cv-01459-GMN-NJK
    corporation,
15                                               **STIPULATED PROTECTIVE ORDER**
                    Plaintiff/,                  **[AMENDED IN ACCORDANCE WITH**
16                                               **COURT'S INSTRUCTIONS SET FORTH**
        vs.                                      **IN ECF NO. 43]**
17
18  Findlay Management Group, a Nevada Domestic
    Corporation,
19
                    Defendant.
20
    Findlay Management Group, a Nevada Domestic
21  Corporation,

22                  Defendant/Counterclaimant,

23      vs.

24  Houston Casualty Company, a Texas
    corporation; Syndicate 2623 and Syndicate 623
25  at Lloyd's, English business entities; United
    Specialty Insurance Company, a Delaware
26  corporation; Certain Underwriters at Lloyd's
    London: Syndicate BRT 2987, an English
27  business entity; Syndicate KII 1618, an English
    business entity; Syndicate KLN 510, an English
28  business entity; Syndicate TMK 1880, an

                                  -1-

1    English business entity; Syndicate AUL 1274, an
2    English business entity; Syndicate AES 1225, an
     English business entity; Aspen Specialty
3    Insurance Company, a North Dakota corporation;
     Endurance American Specialty Insurance
4    Company, a New York corporation; Lloyd's
     Underwriters Syndicate No. 4444 CNP
5    (Acrisure); West Chester Surplus Lines
     Insurance Company (Chubb),
6
7                        Counter-defendants.

8
9           Pursuant to Fed. R. Civ. P. 26(c) and subject to the Court's approval, this Stipulated Protective
10   Order ("Protective Order") is entered into by and among Plaintiff and Counterdefendant Houston
11   Casualty Company ("HCC") and Defendant and Counterclaimant Findlay Management Group
12   ("Findlay" and, together with HCC, the "Parties").[1]  The Parties believe that judicial oversight of this
13   Stipulation is necessary and appropriate and there is good cause for entry of this Stipulation as a
14   Protective Order because, among other reasons: (i) the confidentiality obligations set forth herein
15   involve the rights of third parties such as insurance brokers (§ VI, *infra*), including that third parties
16   must "submit to the jurisdiction of the United States District Court for the District of Nevada for
17   enforcement of the Protective Order" (Ex. A hereto); (ii) this Stipulation contemplates motion
18   practice before the Court where disagreements may exist, including the challenges to confidentiality
19   designations made pursuant to this Protective Order (§ VIII, *infra*) and the Court having continuing
20   jurisdiction over certain issues, including preservation of materials (§ XI(9)); and (iii) this insurance
21   coverage dispute arises out of a cyber attack and the Parties believe the Court's oversight will ensure
22   the utmost protection of confidential information that may be exchanged in discovery, which may
23   include the private/personal information of individuals (including social security numbers), non-
24   public financial information of Findlay, and/or non-public information of HCC and other insurers.
25   Further, the cyber attack giving rise to this insurance coverage dispute is also the subject matter of

26
27   ─────────────────
        [1] On April 15, 2025, Findlay filed its Amended Counterclaim, which added certain excess
28   insurance carriers as parties to this case.  Although they have not yet formally appeared in the case,
     Findlay and HCC offered the newly-added counterdefendants to join as signatories to this Stipulated
     Protective Order.  They either declined or did not respond.

1  two consolidated class actions pending before this Court.  *Smith v. Findlay Automotive, Inc.*, No.

2  2:24-cv-01226-RFB-EJY  (Consolidated  with  No.  2:24-cv-  01227-APG-BNW)).    A  Stipulated

3  Protective Order was entered by Magistrate Judge Youchah in that consolidated class action.  (ECF

4  No. 41, No. 2:24-cv-01226-RFB-EJY.)  Since there is likely to be overlap between discovery across

5  the cases and the Court has already accepted judicial oversight of that stipulated protective order in

6  the consolidated class action, the Parties request there be the same judicial oversight of this case for

7  purposes of uniformity and consistency of results.

8  **I.    DEFINITIONS**

9         1.    **Action**.  The  above-captioned  case,  *Houston  Casualty  Company  v.  Findlay*

10 *Management Group*, No. 2:24-cv-01459-GMN-NJK (D. Nev.), as well as any subsequent caption

11 applying to the instant dispute.

12        2.    **Challenging Party**. A Party that challenges the designation of Discovery Material as

13 "Confidential" under this Protective Order.

14        3.    **Confidential Discovery Material**. Any Discovery Material (regardless of how it is

15 generated, stored, or maintained) designated as "Confidential" pursuant to the terms of this Protective

16 Order.

17        4.    **Designating Party**. Any Party or Non-Party who designates information or items for

18 protection pursuant to the terms of this Protective Order.

19        5.    **Discovery Material**. Any information provided in the course of discovery in this

20 Action including, but not limited to, information contained in documents, testimony taken at

21 depositions and transcripts thereof, deposition exhibits, and tangible things.

22        6.    **Inadvertently Disclosed Information**. Information subject to a claim of attorney

23 client privilege, attorney work product protection, or other applicable privilege or protection, that a

24 Producing Party inadvertently discloses to a Receiving Party in this Action.

25        7.    **Non-Party**. Any person or entity that is not a Party to the Action.

26        8.    **Party**. Any named Party to the Action.

27        9.    **Producing Party**. A Party or Non-Party that produces Discovery Material in the

28 Action.

-3-

10. **Receiving Party**. A Party that receives Discovery Material from a Producing Party in the Action.

11. **Exhibit A**. The Non-Disclosure Agreement annexed as Exhibit A hereto.

**II.     SCOPE**

12. The protections conferred by this Protective Order cover not only Confidential Discovery Material (as defined in Section I.3), but also (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Discovery Material.

13. The protections conferred by this Protective Order do not cover any information that is: (a) in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order; (b) lawfully obtained and known to the Receiving Party prior to the disclosure; or (c) obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party. Any use of Confidential Discovery Material at trial shall be governed by a separate agreement or order.

14. Any Party issuing a subpoena to a Non-Party must include a copy of this Protective Order and notify the Non-Party that the protections of this Protective Order are available to the Non-Party when producing information.

**III.     DESIGNATING DISCOVERY MATERIAL**

15. Any Producing Party may designate as "Confidential" Discovery Material that the Party or Non-Party believes in good faith contains:

(a)     private or confidential personal or financial information, including, but not limited to, phone numbers, addresses, account numbers, usernames, passwords, and other personal or financial information not generally available to the public;

(b)     information received in confidence from third parties that a Party or Non-Party is required to keep confidential by law—including, but not limited to, information that is subject to a non-disclosure agreement, NRS Chapters 41, 49, 231, 441A (or the corresponding

federal Health Insurance Portability and Accountability Act), 669A, 681B and other laws—where the disclosure is likely to cause harm to an individual or the business or competitive position of the Designating Party;

(c)     commercially-sensitive competitive, strategic, or technical proprietary information or other information that the Designating Party believes in good faith to require protection; or

(d)     any other category of information hereinafter given confidential status by the Court.

16.     Nothing in this Protective Order is intended to concede that any of the categories listed above are relevant or discoverable. And nothing herein shall impair or limit in any way any Party's or Non-Party's right to object to or limit production of the foregoing types of information.

17.     Each Designating Party will engage in reasonable efforts to limit designation to specific material that qualifies under this Protective Order and the appropriate legal standards. To the extent it is practical to do so, the Designating Party will designate for protection only those parts of Discovery Material that qualify for such protection.

18.     With respect to the "Confidential" portions of any Discovery Material, other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" on each page of the protected portion of the Discovery Material in a manner that will not interfere with legibility.

19.     A Designating Party or its counsel may indicate on the record at a deposition, or within 14 days of receipt of the final deposition transcript, that the transcript, an exhibit thereto, or a portion thereof, contains "Confidential" information. Transcripts containing Confidential Discovery Material shall have a conspicuous legend printed on the title page indicating that the transcript contains "Confidential" information and on each subsequent page that contains information designed as "Confidential" pursuant to the terms of this Protective Order. Any designation of deposition transcripts and/or deposition exhibits is subject to the other provisions of this Protective Order.

20.     If, prior to the trial in this Action, a Party or Non-Party reasonably determines that some portion(s) of Discovery Material that the Party or Non-Party previously produced without

limitation should be designated as "Confidential" it may so designate the Discovery Material. The Party or Non-Party must do so by apprising the other Parties in writing. Designated portion(s) of Discovery Material will thereafter be treated as "Confidential" pursuant to the terms of this Protective Order. Inadvertent failure to designate Discovery Material as "Confidential" will not waive protection, but the Receiving Party retains the right to challenge such designation pursuant to the procedure set forth in this Protective Order. The Receiving Party must use best efforts to ensure that (i) any person not authorized to receive the newly designated Confidential Discovery Material returns or destroys it; (ii) any of the newly designated Confidential Discovery Material is treated as "Confidential"; (iii) any newly designated Confidential Discovery Material is not disclosed except in compliance with this Protective Order; and (iv) any newly designated Confidential Discovery Material is used solely for purposes permitted by this Protective Order.

## IV.  ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

21.    Any person subject to this Protective Order who receives from any Producing Party Confidential Discovery Material shall not disclose such Confidential Discovery Material except as expressly permitted herein. A Receiving Party may use Confidential Discovery Material that is disclosed or produced by another Party or by a Non-Party only in connection with this litigation. Such Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

22.    Confidential Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

23.    Other than the Producing Party, no person subject to this Protective Order shall disclose any of the Confidential Discovery Material to any other person whomsoever, except to:

(a)    (1) Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Discovery Material shall be advised that

such Confidential Discovery Material is disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms;

(b)      those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Action; provided, however, that prior to the disclosure of Confidential Discovery Material to any such officer, director, partner, member, employee or agent, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of this Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**;

(c)      the document's author, its addressee, any person indicated on the face of the document as having received a copy, and any person reasonably and in good faith believed to have received a copy in the ordinary course of business or otherwise;

(d)      deponents or witnesses in this Action, and their counsel, to whom disclosure is reasonably necessary in good faith for this litigation during or in specific preparation of the witness for deposition or trial and provided they acknowledge and agree to be bound by the terms of this Protective Order;

(e)      any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action; provided, however, that prior to the disclosure of Confidential Discovery Material to any such person the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of this Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**;

(f)      mock jury participants, provided, however, prior to the disclosure of Confidential Discovery Material to any such mock jury participant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of the Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**.

(g)    court reporters, and other professional vendors to whom disclosure is reasonably necessary for this Action;

(h)    the Court and its support personnel;

(i)    any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution regarding this Action; provided, however, that prior to the disclosure of Confidential Discovery Material to any such mediator, arbitrator, or other person the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of this Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A**; and

(j)    any other person agreed upon in advance by all Parties in writing or on the record, or any person as to whom the Court directs should have access.

24.    Counsel who obtains a signed copy of **Exhibit A** shall retain it and supply a copy to the other Parties if requested. In the event that, upon being presented a copy of this Protective Order, any person refuses to execute the agreement to be bound by this Protective Order, the Party requesting disclosure may move the Court for an order directing that person's compliance with the Protective Order.

25.    Notwithstanding any other provision of this Protective Order, this Protective Order shall not prohibit or otherwise restrict an attorney of record or retained expert (who has executed **Exhibit A**) from rendering advice or counsel with respect to this Action, and referring or relying generally upon their examination of Confidential Discovery Material in doing so; provided, however, that in relaying such advice or counsel, the attorney of record or retained expert shall not disclose the substance or source of such Confidential Discovery Material except as expressly allowed pursuant to this Protective Order.

26.    If a Receiving Party learns that it has disclosed Confidential Discovery Material to any person not authorized to receive such information by this Protective Order, the Receiving Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosure; (ii) use best efforts to retrieve or destroy all copies of the Confidential Discovery Material produced without authorization; (iii) inform the person(s) to whom unauthorized disclosure was made of the terms of

-8-

this Protective Order; and (iv) request that such person(s) either return or destroy the Confidential Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Protective Order, execute **Exhibit A**.

**V.    CONFIDENTIAL DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

27.    If a Party or outside counsel for a Party is served with a subpoena or a court order issued in other litigation that seeks to compel disclosure of any Confidential Discovery Material, that Party or their outside counsel must:

(a)    promptly notify in writing such subpoena or court order the Designating Party, with the notice including a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Discovery Material may be affected.

28.    If the Designating Party timely seeks a protective order, any Party, or outside counsel for a Party, who is served with the subpoena or court order shall not produce any Confidential Discovery Material before a determination by the court from which the subpoena or order issued, unless the Party or outside counsel has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**VI.    A NON-PARTY'S CONFIDENTIAL DISCOVERY MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

29.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential." Such information produced by Non-Parties in connection

with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(a)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

i.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

ii.    promptly provide the discovery request to the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.   make the information requested available for inspection by the Non-Party.

(b)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Discovery Material.

## VII.   FILING CONFIDENTIAL DISCOVERY MATERIAL

30.   ~~Protected Discovery Material filed with the Court, and portions of pleadings, motions or other papers filed with the Court that disclose such Protected Discovery Material, shall be filed under seal with the Clerk of the Court in accordance with Local Rule IA 10-5 and kept under seal until further order of the Court. Any motion regarding the filing of Protected Discovery Material, including motions to seal, will comply with the requirements of *Kamakana v. City and County of*~~

1 | *Honolulu, 447 F.3d 1172 (9th Cir. 2006) and Center for Auto Safety v. Chrysler Group, LLC, 809*

2 | *F.3d 1092 (9th Cir. 2016).*

See order issued
concurrently herewith  31.    ~~If the sole ground for a motion to seal is that a Party or Non-Party has designated a~~

4 | ~~document as Confidential, the Designating Party shall file within seven days of the filing of the~~

5 | ~~motion to seal either (1) a declaration establishing sufficient justification for sealing each document~~

6 | ~~at issue; or (2) a notice of withdrawal of the designation(s) and consent to unsealing. The Parties will~~

7 | ~~endeavor to provide reasonable advance notice to the Designating Party if they intend to file a~~

8 | ~~document designated as Confidential with the Court so as to conserve Court and Party resources in~~

9 | ~~the event the Designating Party decides to withdraw the designation(s) before filing.~~

10 | ~~32.    Before any court proceeding where Confidential Discovery Material will be used, the~~

11 | ~~Parties must confer in good faith on procedures to protect the confidentiality of any of the~~

12 | ~~Confidential Discovery Material. If, following a meet and confer, any Confidential Discovery~~

13 | ~~Material is used in open court during any proceeding or introduced into evidence as a trial exhibit,~~

14 | ~~the material loses its confidential status and becomes part of the public record, unless the Producing~~

15 | ~~Party applies for and obtains an order from the Court specifically maintaining the confidential status~~

16 | ~~of the material.~~

17 | **VIII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18 | 33.    In the event that counsel for a Party receiving Discovery Material designated as

19 | "Confidential" objects to such designation with respect to any or all of such items,  said  counsel

The conferral
must comply
with LR IA
1-3(f).  shall advise counsel for the Designating Party, in writing, of such objections, the specific

Discovery Material to which each objection pertains, and the specific reasons and support for such

22 | objections (the "Designation Objections").  Counsel for the Designating Party shall have 30 days

23 | from receipt of the Designation Objections to either (a) agree in writing to de-designate the Discovery

24 | Material and/or (b) file a motion with the Court seeking to uphold any or all designations on the

25 | Discovery Material addressed by the Designation Objections (the "Designation Motion").  Pending

26 | a resolution of the Designation Motion by the Court, any and all existing designations on the

27 | Discovery Material at issue in such Motion shall remain in place.  The Designating Party shall have

28 | the burden of establishing the applicability of its "Confidential" designation at a hearing on the

Designation Motion.  The Parties may mutually agree to extend any and all deadlines by written agreement.  In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Discovery Material shall be de-designated in accordance with the Designation Objection applicable to such material.

34.    Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

## IX.    NO WAIVER

35.    If a Producing Party inadvertently discloses to a Receiving Party information subject to a claim of privilege or other protection, such disclosure alone shall not constitute or be deemed a waiver or forfeiture of any such claim with respect to the Inadvertently Disclosed Information. To be clear, this Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

36.    If a Producing Party makes a claim of inadvertent disclosure, the Parties shall comply with the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

37.    The return, sequester or destruction of any Inadvertently Disclosed Information shall not in any way preclude the Receiving Party from moving the Court for an order compelling production of the Inadvertently Disclosed Information. Prior to filing any such motion, however, the Parties shall first attempt in good faith to resolve the dispute and, if an agreement cannot be reached, the Receiving Party shall move to compel production of the Inadvertently Disclosed Information. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

## XI.    IMMEDIATE AND CONTINUING EFFECT

38.    This Protective Order shall become effective among the Parties immediately upon its execution, and shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.

-12-

39.    Upon written request made within thirty (90) days after the settlement or other termination of the Action, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Discovery Material and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Discovery Material, or (c) as to any Confidential Discovery Material not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Material. To the extent permitted by law the Court shall retain continuing

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

2    DATED: May 13, 2025.                    DATED: May 13, 2025.

3    */s/ Juan Luis Garcia*                   */s/ Anthony J. DiRaimondo*

4    Juan Luis Garcia (*Pro Hac Vice*)        David A. Carroll (Nevada Bar No. 7643)
     **SKARZYNSKI MARICK & BLACK,**           Anthony J. DiRaimondo (Nevada Bar No.
5    **LLP**                                  10875)
     One Battery Park Plaza,                  **RICE REUTHER SULLIVAN &**
6    32nd Floor New York, NY 10004            **CARROLL, LLP**
     Telephone: (212) 820-7700                3800 Howard Hughes Parkway, Suite 1200
7                                             Las Vegas, Nevada 89169
     -and-                                    Telephone: (702) 732-9099
8
     Craig J. Mariam (Nevada Bar No. 10926)   -and-
9    Rachel L. Wise (Nevada Bar No. 12303)
     **GORDON REES SCULLY**                   Robert L. Wallan (*Pro Hac Vice*)
10   **MANSUKHANI, LLP**                      **PILLSBURY WINTHROP SHAW**
     300 S. 4th Street Suite 1550             **PITTMAN LLP**
11   Las Vegas, NV 89101                      725 South Figueroa Street, 36th Floor
     Telephone: 702-577-9300                  Los Angeles, California 90017-5524
12                                            Telephone: (213) 488-7163

13   *Attorneys for Plaintiff/Counterdefendant*   *Attorneys for Defendant/Counterclaimant*

14

15

16                              **ORDER**

17                          **IT IS SO ORDERED.**

18

19

20   _____
     UNITED STATES MAGISTRATE JUDGE
21
     DATED: _May 19, 2025_____
22

23

24

25

26

27

28

Non-Disclosure Agreement

# EXHIBIT "A"

**Exhibit A**

***Houston Casualty Company v. Findlay Management Group*,**
**No. 2:24-cv-01459-GMN-NJK (D. Nev.)**

**NON-DISCLOSURE AGREEMENT**

I, _____, under penalty of perjury, 28 U.S.C. § 1746, declare that:

1.      Information, including documents and things, designated as "Confidential" as defined in the Protective Order entered in the above-captioned Action (the "Protected Information"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.      I have been given a copy of and have read the Protective Order.

3.      I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4.      I submit to the jurisdiction of the United States District Court for the District of Nevada for enforcement of the Protective Order.

5.      I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any of this Protected Information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party or Non-Party who designated the information as Confidential or by order of the presiding judge.

Dated: _____

_____
Signature