1  Craig J. Mariam, Esq. (NSB #10926)
   Rachel L. Wise, Esq. (NSB #12303)
2  **GORDON REES SCULLY MANSUKHANI, LLP**
3  300 S. 4th Street, Suite 1550
   Las Vegas, NV 89101
4  Telephone: (702) 577-9300
    -and-
5  Juan Luis Garcia, Esq. (*Pro Hac Vice*)
   **SKARZYNSKI MARICK & BLACK, LLP**
6  One Battery Park Plaza, 32nd Floor
   New York, NY 10004
7  Telephone: (212) 820-7700
8  *Attorneys for Plaintiff/Counterdefendant Houston Casualty Company*

9             UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
10

11
   Houston Casualty Company, a foreign          Case No. 2:24-cv-01459-ART-NJK
12 corporation,
                                                **STIPULATION AND (PROPOSED)**
13              Plaintiff,                      **ORDER TO EXTEND DISCOVERY**
                                                **DEADLINES**
14         vs.
                                                **(FOURTH REQUEST)**
15 Findlay Management Group, a Nevada Domestic
   Corporation,
16
                Defendant.
17
   _____
18
   Findlay Management Group, a Nevada Domestic
19 Corporation,

20              Defendant/Counterclaimant,

21         vs.

22 Houston Casualty Company, a Texas
   corporation; Syndicate 2623 and Syndicate 623
23 at Lloyd's, English business entities; United
   Specialty Insurance Company, a Delaware
24 corporation; Certain Underwriters at Lloyd's
   London: Syndicate BRT 2987, an English
25 business entity; Syndicate KII 1618, an English
   business entity; Syndicate KLN 510, an English
26 business entity; Syndicate TMK 1880, an
   English business entity; Syndicate AUL 1274, an
27 English business entity; Syndicate AES 1225, an
28

-1-

English business entity; Aspen Specialty Insurance Company, a North Dakota corporation; Endurance American Specialty Insurance Company, a New York corporation; Certain Underwriters at Lloyd's, London Subscribing to Policy B1820WLS23C876 (denominated as Lloyd's Underwriters Syndicate No. 4444 CNP) ("Canopius"); West Chester Surplus Lines Insurance Company (Chubb),

          Counter-defendants.

Pursuant to LR 26-3, Plaintiff/Counter-defendant Houston Casualty Company ("HCC") and Defendant/Counterclaimant Findlay Management Group ("Findlay"), by and through their undersigned attorneys, hereby submit this Stipulation and Order to Extend Discovery Deadlines, which relates to the current Discovery Schedule (ECF No. 107). The current Discovery Schedule's next deadline is November 12, 2025 (Initial Experts). This is the fourth request for extension of discovery deadlines.[1]

1. The current Discovery Schedule (ECF No. 107) was entered on September 24, 2025. Certain deadlines have already passed and the deadline for initial expert disclosures is November 12, 2025. (ECF No. 107.)
2. Both Findlay and HCC have been diligent with pursuing discovery:
    a. Both Findlay and HCC have made initial discovery disclosures and supplemental discovery disclosures.
    b. Both Findlay and HCC have issued subpoenas seeking to obtain documents from third parties. Findlay sent subpoenas to five (5) third parties and HCC sent two (2) subpoenas to non-parties.
    c. Both Findlay and HCC have propounded written discovery on each other.

---

[1] This request is only filed by Findlay and HCC as the Court stayed discovery deadlines to the extent applicable to the other parties pending a decision on the other parties' motion to compel arbitration. ECF No. 100.

d.  Findlay and HCC submitted a Stipulated Protective Order, which was initially denied by the Court. Findlay and HCC submitted an amended Stipulated Protective Order, which was granted by the Court on May 19, 2025 (ECF No. 66).

e.  Both parties made substantial progress on document discovery in the lead up to mediation that occurred on August 19, 2025. After the mediation did not result in resolution, on September 15 and again on September 1, counsel for Findlay and counsel for HCC conferred on a date by which HCC's and Findlay's production' would be substantially complete.

f.  On Monday October 6, 2025, counsel for HCC and Findlay conducted a telephonic meet & confer to address the timing and details for the parties to complete their document production, privilege logs, and other discovery issues.

g.  After a series of rolling productions, and as agreed in the October 6 call HCC completed its document production on October 10, 2025.

h.  After a series of rolling productions, and also as agreed on the October 6 call, Findlay completed its document production on October 17, 2025.

i.  HCC noticed the 30(b)(6) Deposition of non-party Thaxton & Associates ("Thaxton") to take place in early November 2025, and HCC will be noticing the depositions of Findlay imminently. Findlay will be noticing HCC depositions imminently.

j.  HCC issued a detailed letter to Findlay on October 2, 2025 regarding claimed deficiencies HCC identified in Findlay's productions to date and assertions of privilege. Findlay disputed HCC's assertions, and the parties agreed to meet and confer on these issues. On September 15 and again on October 1, Findlay contacted counsel for HCC regarding when HCC would complete its productions and provide a privilege log. As described above, the parties met and conferred on Monday, October 6, 2025 regarding these discovery issues, followed by several email exchanges and Findlay's letter response regarding its assertions of privilege and supplementation of its privilege log. Findlay provided the search terms and custodians for its productions on October 14, 2025 and HCC did the same the following day.

      k. At 4:30 PM Friday afternoon, October 17, 2025, HCC issued another detailed letter to Findlay regarding the continuing claimed deficiencies in Findlay's productions, including claimed insufficient custodians and search terms, and claimed improper withholding of certain documents as privileged. HCC requested a response no later than Tuesday October 21, 2025 at 10 AM Pacific Time. Findlay agreed to provide a written response by Wednesday October 22, and agreed to meet & confer to discuss HCC's claims.

      l. Findlay is evaluating HCC's production and privilege log.

3. The discovery that remains to be completed is:

      a. Potential continuing document productions by Findlay, HCC and non-party Thaxton.

      b. Party depositions.

      c. Third party depositions, including certain fact witnesses.

      d. Expert disclosures.

      e. Expert depositions.

4. Pursuant to leave of Court (ECF No. 45), Findlay filed an Amended Counterclaim on April 15, 2025 (ECF No. 46) which added certain excess insurance carriers as new Counterdefendants Ambridge, Beazley, and Canopius ("Newly-added Counterdefendants").

5. The Newly-added Counterdefendants have moved to compel arbitration (ECF Nos. 68, 72). Findlay has opposed that motion and filed a countermotion (ECF Nos. 85, 86). The Court stayed discovery deadlines to the extent applicable to the Newly-added Counterdefendants pending a decision on the other parties' motion to compel arbitration. (ECF No. 100.)

6. HCC, Findlay, and the Newly-added Counterdefendants participated in a mediation on August 19, 2025 in New York, NY before the Hon. Lawrence W. Pollack. The mediation was not successful in resolving the dispute between the parties.

7. The deadline for initial expert disclosures is currently November 12, 2025. (ECF No. 107.) HCC believes Findlay has not fully produced all documents in its custody or possession that respond to the requests for production. HCC has written to Findlay numerous times as to the sufficiency of Findlay's document production, including detailed letters dated October 2, 2025

-4-

and October 17, 2025, to identify categories of documents that HCC believes exist and have not been searched or produced and to address custodians, search terms, and assertions of privilege. HCC requested a response to its October 17 letter outlining deficiencies in the document production by October 21 at 10 AM Pacific Time; however, Findlay has represented it intends to respond to the October 17 letter on October 22 by the end of the day and will be available to meet and confer on October 23 and 24.

8. While HCC remains willing to continue to meet and confer with Findlay regarding claimed deficiencies in Findlay's production to date and its assertions of privilege, HCC anticipates that the parties will not agree fully on the outstanding issues and that HCC will be required to file a Motion to Compel imminently. Findlay does not share HCC's pessimism, and believes that most if not all of HCC's discovery claims will be resolved consensually.

9. The parties' anticipated experts cannot complete their analysis until all the requested documents have been produced and accordingly an extension of 30 days (plus one week to the deadlines for initial expert disclosures and rebuttal expert disclosures to account for upcoming holidays) is necessary.

10. The Parties submit the foregoing are sufficient grounds and good cause for why discovery cannot and/or should not be completed in accordance with the current schedule [LR 26-3(c)] and request that new deadlines be entered as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Initial Disclosures | *Expired as to HCC and Findlay* | N/A |
| Amend Pleadings | *Expired as to HCC and Findlay* | N/A |
| Initial Experts | November 12, 2025 | December 19, 2025 |
| Rebuttal Experts | December 19, 2025 | February 6, 2025 |
| Discovery Cut Off | January 19, 2026 | March 8, 2026 (thirty days after new rebuttal deadline) |
| Dispositive Motions | February 18, 2026 | April 7, 2026 |

-5-

Case No: 2:24-cv-01459-ART-NJK

| Pretrial Order | March 20, 2026 (or thirty days after ruling on dispositive motions) | May 7, 2026 (or thirty days after ruling on dispositive motions) |

11. In the event the Court is inclined to deny this stipulation in any material respect, the Parties request a discovery conference before the Court before acting on this stipulation.

DATED: October 21, 2025.

*/s/ Juan Luis Garcia*
Juan Luis Garcia (*Pro Hac Vice*)
**SKARZYNSKI MARICK & BLACK, LLP**
One Battery Park Plaza,
32nd Floor New York, NY 10004
Telephone: (212) 820-7700

-and-

Craig J. Mariam (Nevada Bar No. 10926)
Rachel L. Wise (Nevada Bar No. 12303)
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street Suite 1550
Las Vegas, NV 89101
Telephone: 702-577-9300

*Attorneys for Plaintiff/Counterdefendant*

DATED October 21, 2025.

*/s/ David A. Carroll*
David A. Carroll (Nevada Bar No. 7643)
Anthony J. DiRaimondo (Nevada Bar No. 10875)
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099

-and-

Robert L. Wallan (*Pro Hac Vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 South Figueroa Street, 36th Floor
Los Angeles, California 90017-5524
Telephone: (213) 488-7163

*Attorneys for Defendant/Counterclaimant*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**Dated:** October 23, 2025

4915-2439-0772, v. 3