**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Houston Casualty Company, | Case No. 2:24-cv-01459-ART-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket Nos. 140, 142] |
| Findlay Management Group, | |
| Defendant(s). | |

This case is devolving.  It appears Plaintiff's counsel believe the solution to that scenario is to throw everything at the Court and ask the Court to figure out a way forward by holding a "prompt Rule 16 conference."  Docket No. 140.  The Court reminds counsel that they are supposed to conduct discovery with limited involvement of the Court.  *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).  The ordinary manner of conducting discovery is that the parties confer on any existing disputes and, if that conferral process is unsuccessful and the issue implicates truly significant interests, the aggrieved party files a motion seeking relief.  *See* Docket No. 130.  The Court sets a hearing on such motion practice if the Court decides one is needed.  Local Rule 78-1. The Court has not been persuaded to depart from the ordinary course in this case.

This filing also requests an extension of case management deadlines.[1]  Filing such a request is generally a straightforward endeavor.  *See* Local Rule 26-3.  It is not clear that resolution of this

---

[1] The motion is captioned as if this is the first extension request, Docket No. 140 at 1, which is belied by the record, *see, e.g.*, Docket No. 108 (fourth extension request).

1

issue requires a 23-page motion and 11 exhibits.[2]  Given the circumstances, the motion to extend case management deadlines will be denied without prejudice.  Plaintiff must file a renewed request that includes a <u>joint</u> statement of the parties' positions.  This filing must provide in joint fashion a statement of the discovery completed to date and the discovery that remains to be taken.[3]  Each party may then provide separately up to three pages regarding whether good cause exists for the extension being requested, along with the proposed extended schedule.  Counsel are urged to prepare this filing in the spirit of cooperation that is required of them by law, as they have done successfully earlier in the case.  *See* Docket No. 108 (seeking an extension of case management deadlines based on the existence of underlying disputes).  Plaintiff's counsel must immediately contact defense counsel regarding preparation of this filing, and Plaintiff's extension request must be filed with all of the above information by noon on February 18, 2026.

Accordingly, the Court **DENIES** without prejudice the pending motion for an extension and Rule 16 conference.  Docket No. 140.  The Court **DENIES** as moot the motion to shorten time.  Docket No. 142.

IT IS SO ORDERED.

Dated: February 11, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The motion provides extensive discussion of Plaintiff's view of certain disputes, while simultaneously explaining that the instant motion practice is not meant to lead to resolution of those disputes.  *See, e.g.*, Docket No. 140 at 19.  Given the latter, it is unclear why such lengthy discussion of those disputes is provided.  Conversely, the motion is insufficiently developed with respect to the discussion that is more relevant to an extension request.  For example, the motion indicates that "some" courts require spoliation motions to be filed by the discovery cutoff, without explaining whether that is required in this District.  *See, e.g.*, Docket No. 140 at 14.  The motion also seeks a deadline for supplemental expert disclosures without explaining why such a deadline is required, rather than the parties supplementing as warranted subject to the opposing party's ability to challenge the supplementation.  *See* Fed. R. Civ. P. 26(e); *see also Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 n.1 (D. Nev. 2017) (addressing supplementation of initial disclosures).

[3] The statement must simply specify the discovery each party intends to seek, even if the opposing party disputes the propriety of that discovery.  For example, if Defendant objects to spoliation-related discovery, that discovery must be identified in the joint statement with a simple notation that Defendant intends to object in the event the discovery is propounded.  Argument as to the anticipated objection must not be included.

2