# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Houston Casualty Company,<br><br>          Plaintiff(s),<br><br>v.<br><br>Findlay Management Group,<br><br>          Defendant(s). | Case No. 2:24-cv-01459-ART-NJK<br><br>**Order**<br><br>[Docket No. 157] |

Pending before the Court is Plaintiff's renewed motion to compel. Docket No. 157; *see also* Docket No. 158 (errata). Defendant field a response in opposition. Docket No. 159. Plaintiff filed a reply. Docket No. 160; *see also* Docket No. 165 (errata). The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel.

## I.    Background

This case involves a dispute as to insurance coverage for a ransomware attack on a car dealership. *See* Docket No. 27 (second amended complaint). The discovery period is closed. *See* Docket No. 164. The parties are before the Court on Plaintiff's motion for an order that Defendant search the personal devices and email accounts of five individuals. Docket No. 157.[1]

## II.    Standards

When a party fails to provide discovery and conferral efforts are unsuccessful, the requesting party may move to compel that discovery. Fed. R. Civ. P. 37(a). The party seeking to

---

[1] As the parties are familiar with the facts of this case, the Court will not provide an extensive background section. In an effort to issue a ruling promptly and limit disruption of the case management schedule, the Court will provide a somewhat truncated analysis herein. *Cf. Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 U.S. Dist. Lexis 7722, at *3 (D. Nev. Jan. 14, 2025) (quoting Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION, § 11.424 (4th ed. 2004)). Nonetheless, the Court has carefully reviewed the arguments presented. Any arguments not discussed herein have been rejected to the extent they are inconsistent with the outcome of this order. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022).

1

avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

A party receiving requests for production must diligently conduct a reasonable search for responsive documents. *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012).  Where a reasonable search has not been undertaken, the Court may order that a reasonable search be completed, the details of that search be declared, and any non-privileged responsive documents found be produced. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019).

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**III.    Analysis**[2]

    A.      Bruce Green, Justin Findlay, and Robby Findlay

Bruce Green is the Director of Legal Affairs in charge of legal and insurance issues, who attended executive meetings regarding the ransomware attack.  *See* Docket No. 158-2 at 2, 4. Justin Findlay and Robby Findlay are vice presidents, who also attended executive meetings regarding the ransomware attack.  *See* Docket No. 158-2 at 4; *see also* Docket No. 157 at 11 (citing corporate website).  It is undisputed that at least some business-related discussions took place on these individuals' personal devices and emails, particularly during the ransomware attack itself. *See, e.g.*, Docket No. 159-1 at ¶ 19.  There is no dispute that the discovery requests are relevant and proportional to the needs of the case as a general matter. *See* Docket No. 159 at 9.

---

[2] The Court notes from the outset competing arguments regarding the meet-and-confer process.  *Compare* Docket No. 159 at 5 *with* Docket No. 160 at 7.  In the interest of moving the case forward and given that the parties still do not agree despite full briefing, the Court will exercise its discretion to decide the motion on its merits at this juncture. *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 & n.3 (D. Nev. 2019).

Despite the above, Defendant did not search the subject accounts and devices for responsive documents.  In opposing the instant motion, Defendant indicates that it expects there may be no new documents found because communications during the pertinent time period were generally copied to custodians of records whose documents were searched.  *See* Docket No. 159 at 3.  Defendant also argues that searching the personal accounts and devices of these officers would "invade personal" privacy interests.  *See id.* at 8.  Given those circumstances, Defendant "opted" not to search these accounts or devices.  *Id.* at 4.[3]

The Court is not persuaded that Defendant has conducted a reasonable search without endeavoring to look at these individuals' devices and accounts.  As to Defendant's first argument, the Court notes from the outset Plaintiff's examples of communications that were not copied to one of the custodians whose accounts were actually searched, *see, e.g.*, Docket No. 160-1 at ¶ 14 (email involving Bruce Green), as well as examples of communications that would have been expected to be produced, but were not, *see, e.g.*, Docket No. 160 at 10 (noting deposition testimony of updates being provided to Justin Findlay and Robby Findlay, but that any such communications have not been produced), casting doubt as to Defendant's overarching assertion of complete duplication.  Defendant is essentially raising an undue burden objection that the likely benefit of conducting this search is outweighed by its cost and inconvenience.  *Cf. Flynn v. Nev.*, 345 F.R.D. 338, 347 (D. Nev. 2024) (quoting *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 439-40 (D. Nev. 2023)).  Such an objection fails from the start, however, because there has been no factual showing as to that cost and inconvenience.  *See, e.g.*, *Nationstar Mortg., LLC. v. Flamingo Trails No. 7 Landscape Maint. Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016).  Additionally, Defendant correctly notes that efficient tools are available to address potential duplication in discovery.  *See* Docket No. 157 at 12.  As to its privacy argument, there is no dispute that these are officers of the company

---

[3] Defendant seems to suggest that it alone determines the search that should be conducted for responsive documents.  Not so.  While a litigant may be well-situated to craft a search for documents in the first instance, the specifics of that search are subject to testing through the adversarial process in appropriate cases.  *See, e.g.*, *PlayUp, Inc. v. Mintas*, 350 F.R.D. 47, 52 (D. Nev. 2025) (identifying a motion to compel as one of the "safeguards that may be activated in those cases in which judicial oversight may be warranted" as to the sufficiency of a search and document production).

and they used their personal devices and accounts to conduct business.  In such circumstances, courts routinely require searches and production of responsive communications.  *See, e.g.*, *Environmental World Watch, Inc. v. The Walt Disney Co.*, 2011 WL 13124125, at *3 (C.D. Cal. Nov. 3, 2011) ("any personal email accounts used by Mr. Becvar for EWW business are also subject to search").

Accordingly, the motion to compel will be granted as to Bruce Green, Justin Findlay, and Robby Findlay.  In addition, Defendant must serve sworn declarations detailing the searches conducted.

B.   John Steffy and Conrad Sarnessar

The motion contends that John Steffy and Conrad Sarnessar may also have responsive communications on their personal devices and accounts.  *See* Docket No. 157 at 10-11. Importantly, however, John Steffy and Conrad Sarnessar are former employees of Defendant.  *See id.*; *see also* Docket No. 159 at 8-9.  Former employees are generally treated as non-parties subject to the procedures and protections established in Rule 45.  *See, e.g.*, *Garcia v. Serv. Emps. Int'l Union*, 2018 WL 10721077, at *1 (D. Nev. Sept. 21, 2018).  Courts are particularly cognizant of ensuring discovery efforts aimed at non-parties are proper.  *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also, e.g.*, *Scientific Games Corp. v. AGS LLC*, 2018 WL 2292811, at *3 (D. Nev. May 18, 2018) (quoting *High Tech. Med. Instr., Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)).[4]  Plaintiff fails to explain sufficiently how the Court has the authority to order a search of (and production from) the personal devices and accounts of non-party former employees vis-à-vis the instant motion practice.  The Court will not order discovery relief as to non-parties without such explanation being provided.

C.   Other Relief

In addition to seeking an order compelling further search and production efforts, the motion seeks what amounts to a forensic examination.  *See, e.g.*, Docket No. 157 at 17-18.  A forensic

---

[4] These concerns are particularly acute for Sarnessar, who has apparently retained separate counsel.  *See* Docket No. 159 at 9 n.3.  Indeed, it is not even clear that Sarnessar's attorney was provided notice of the instant motion.  *See* Docket No. 157 at 22 (certificate of service showing notice only to attorneys of record).

examination is an "extraordinary remedy" for which a "strong showing" must be made and which courts are reluctant to allow. *See PlayUp*, 350 F.R.D. at 53. The Court is not persuaded that such relief is warranted in the circumstances presented.

Plaintiff also seeks an award of expenses. Docket No. 157 at 19-20. Particularly given the substantial amount of the motion being denied, the Court does not find that expenses should be awarded. *See* Fed. R. Civ. P. 37(a)(5)(C) (when a motion to compel is granted in part and denied in part, courts "may" apportion expenses); *see also Wilson v. Greater Las Vegas Assoc. of Realtors*, 2016 WL 4087272, at *1 (D. Nev. July 28, 2016) (noting discretionary nature of Rule 37(a)(5)(C) expense award).

## VI.     Conclusion

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel. Defendant must search for and produce response documents as ordered above by June 9, 2026. In addition, Defendant must serve sworn declarations detailing the searches conducted by June 9, 2026. In light of this ruling, the Court **EXTENDS** the dispositive motion deadline to July 9, 2026, and the joint proposed pretrial order deadline to August 10, 2026 (or 30 days after resolution of dispositive motions).

IT IS SO ORDERED.

Dated: May 28, 2026

Nancy J. Koppe
United States Magistrate Judge

5